IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Porsche Stegall, *on behalf of herself and all others similarly situation*,<br><br>Plaintiff,<br><br>v.<br><br>New York Tribeca Group LLC<br><br>Defendant. | CASE NO.: _____<br><br>**CLASS ACTION COMPLAINT** |

Plaintiff Porsche Stegall (hereinafter "Plaintiff"), on behalf of herself and all others similarly situated, brings this Class Action Complaint against Defendant New York Tribeca Group LLC as follows:

## INTRODUCTION

1. Plaintiff brings this class action for damages resulting from the illegal actions of Defendant New York Tribeca Group LLC ("Defendant" or "NYTG").

2. Defendant placed repeated telemarketing text messages and calls to Plaintiff's telephone – over Plaintiff's request for Defendant to "STOP!" – in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA"), thereby invading Plaintiff's privacy.

3. The Defendant is a commercial loan company. To increase its sales and make more loans, NYTG operates an aggressive cold-calling telemarketing campaign where it repeatedly sends text messages and places phone calls to telephone numbers that have been placed on the National Do-Not-Call Registry for at least 30 days and over the messaged party's objections.

4. Indeed, Plaintiff has never done any business with NYTG, has never contacted or provided her telephone number to NYTG or otherwise provided NYTG with consent to contact her. Nonetheless, NYTG has placed repeated telemarketing text messages and calls to Plaintiff's cellular number while the number was registered on the National Do-Not-Call Registry, and over Plaintiff's requests for Defendant to "STOP" contacting her.

5. Plaintiff is not alone; other recipients of NYTG's harassing telemarketing calls and messages have repeatedly complained about NYTG's practices of cold-calling telephone numbers and refusing to honor do-not-call requests. *See, e.g.*:





6. Accordingly, Plaintiff seeks to represent the following classes of similarly situated persons who have also received unwanted telemarketing text messages and calls from NYTG, and to certify the following classes:

> **Do Not Call Registry Text Class**: All persons in the United States who from four years prior to the filing of this action (1) were sent text messages by or on behalf of Defendant; (2) more than one time within any 12-month period; (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of encouraging the purchase or rental of Defendant's products and/or services; and (5) where either (a) Defendant did not obtain prior express written consent to message the person or (b) the messaged person previously advised Defendant to "STOP" messaging them.

> **Do Not Call Registry Call Class**: All persons in the United States who from four years prior to the filing of this action (1) received telephone calls by or on behalf of Defendant; (2) more than one time within any 12-month period; (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of encouraging the purchase or rental of Defendant's products and/or services; and (5) where either (a) Defendant did not obtain prior express written consent to call the person or (b) the called person previously advised Defendant to ceased calling them.

**JURISDICTION**

7. Subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331 as this action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA") and 47 C.F.R. § 64.1200.

8. The Court has personal jurisdiction over Defendant and the venue is proper in this District pursuant to 28 U.S.C. § 1391(b). Defendant does business in this District and Plaintiff resides in this District, received the text messages and calls that form the basis of her claims within this District, and was damaged within this District.

**PARTIES**

9. Plaintiff, Porsche Stegall ("Plaintiff"), is an adult individual residing in Aurora, Illinois, and is a "person" as defined by 47 U.S.C. § 153(39).

10. Defendant, New York Tribeca Group LLC ("Defendant" or "NYTG"), is a New York business entity with a principal place of business at 40 Wall Street, 43rd Floor, New York, New York, and is a "person" as defined by 47 U.S.C. § 153(39).

**THE NATIONAL DO-NOT-CALL REGISTRY**

11. The National Do-Not-Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. See 47 C.F.R. § 64.1200(c)(2).

12. A listing on the Do-Not-Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

13. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Do-Not-Call Registry and provides a

4

private right of action against any entity that initiated more than one such telephone solicitation within any 12-month period. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

14. In addition, the TCPA and implementing regulations prohibit the initiation of any call for telemarketing purposes to a residential telephone subscriber where the caller does not, *inter alia,* "honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made." 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(d)(3).

15. Telephone solicitations under 47 C.F.R. § 64.1200(c)(2) include text messages and "a cell phone is presumptively residential." *Chennette v. Porch.com, Inc.*, 50 F.4th 1217, 1225 (9th Cir. 2022). *See* 47 C.F.R. § 64.1200(e) ("The rules set forth in paragraph (c) and (d) of this section are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers")

## FACTUAL ALLEGATIONS

16. Plaintiff registered her 331-xxx-9919 residential telephone number (the "9919 Number") with the National Do-Not-Call Registry on March 31, 2021.

17. Moreover, Plaintiff has never provided her 9919 Number or any other telephone number to NYTG, has never done any business with NYTG, and has never inquired about taking out a business loan with NYTG or any other company.

18. Nonetheless, within the last year Defendant initiated repeated telephone solicitations to Plaintiff's residential cellular telephone number, 331-xxx-9919 (the "9919 Number"), by sending repeated text messages and placing repeated calls to Plaintiff's 9919 Number while the number was registered on the National Do-Not-Call Registry.

19. The text messages – which were each identical to one another – encouraged the recipients to contact NYTG to take out business loans. For instance, the messages stated, "Wanted to see if you are ready to explore options for extra capital or are in need of funds this

5

month? All I need is the updated 3 months statements to finalize some numbers, my email is erblin@nytribecagroup.com"

20. Similarly, during NYTG's calls NYTG employees encouraged Plaintiff to take out a business loan with NYTG.

21. NYTG's telemarketing text messages to Plaintiff advised that she could "Reply STOP to unsubscribe."

22. Thus, on September 5, 2022, Plaintiff messaged Defendant "STOP!" in order to get Defendant to stop contacting her. Separately, Plaintiff has emailed and called NYTG and asked it to contacting her.

23. However, as reflected below, NYTG ignored Plaintiff's 'stop' request and continued to send her identical telemarketing text messages to the 9919 Number including on October 5, 2022 and November 5, 2022:



24. Additionally, NYTG has continued to place telephone solicitation calls to Plaintiff as recently as April 25, 2023.

25. Defendant had the ability to program its telephone dialing systems to honor "Stop" requests immediately and to block further messages and calls to Plaintiff or anyone requesting Defendant to "Stop" or its equivalent. However, Defendant instead deliberately programmed its telephone dialing systems to ignore such requests and continue sending telemarketing messages and telephone calls to consumers for months after receiving a "Stop" request.

26. None of Defendant's messages or calls to Plaintiff were for an emergency purpose.

27. Plaintiff was damaged by Defendant's unconsented text messages and calls. In addition to using Plaintiff's telephone data, phone storage, and battery life, Plaintiff's privacy was wrongfully invaded, and Plaintiff has become understandably aggravated with having to deal with the frustration of repeated, unwanted text messages and calls, forcing Plaintiff to divert attention away from other activities.

## CLASS ACTION ALLEGATIONS

A. **The Classes**

28. Plaintiff brings this case as a class action on behalf of herself and all others similarly situated.

29. Plaintiff represents, and is a member of the following classes (the "Classes"):

**Do Not Call Registry Text Class**: All persons in the United States who from four years prior to the filing of this action (1) were sent text messages by or on behalf of Defendant; (2) more than one time within any 12-month period; (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of encouraging the purchase or rental of Defendant's products and/or services; and (5) where either (a) Defendant did not obtain prior express written consent to message the person or (b) the messaged person previously advised Defendant to "STOP" messaging them.

**Do Not Call Registry Call Class**: All persons in the United States who from four years prior to the filing of this action (1) received telephone calls by or on behalf of Defendant; (2) more than one time within any 12-month period; (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of encouraging the purchase or rental of Defendant's products and/or services; and (5) where either (a) Defendant did not obtain prior express written consent to call the person or (b) the called person previously advised Defendant to ceased calling them.

30. Defendant and its employees or agents are excluded from the Classes. Plaintiff does not know the number of members in the Classes but believes the class members number in the thousands, if not more. Thus, this matter should be certified as a class action to assist in the expeditious litigation of this matter.

B. <u>**Numerosity**</u>

31. Upon information and belief, Defendant placed telemarketing messages and calls to telephone numbers registered on the National Do-Not-Call List belonging to thousands of persons throughout the United States where it lacked prior express written consent to place such messages and/or such persons had previously asked Defendant to cease contacting them. The members of the Classes, therefore, are believed to be so numerous that joinder of all members is impracticable.

32. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's records.

C. <u>**Common Questions of Law and Fact**</u>

33. There are questions of law and fact common to the Classes that predominate over any questions affecting only individual Class members. These questions include:

   a. Whether Defendant's messages and calls to members of the Classes were placed for telemarketing purposes;

   b. Whether Defendant can meet its burden of showing it obtained prior express written consent to place each telemarketing message and call;

   c. Whether the messages and calls made to Plaintiff and Class Members violate the Do-Not-Call Registry rules and regulations;

   d. Whether Defendant deliberately programmed its telephone dialing systems to ignore "Stop" requests and continue sending telemarketing messages and calls to telephone numbers that had previously messaged "Stop";

   e. Whether Defendant's conduct was knowing and/or willful;

    f.    Whether Defendant is liable for damages, and the amount of such damages; and

    g.    Whether Defendant should be enjoined from such conduct in the future.

34.    The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely placed telemarketing text messages and calls to telephone numbers registered on the National Do-Not-Call Registry, and over requests to stop the messages, is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### D. Typicality

35.    Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### E. Protecting the Interests of the Class Members

36.    Plaintiff will fairly and adequately protect the interests of the Classes and has retained counsel experienced in handling class actions and claims involving unlawful business practices, and specifically claims under the TCPA. Neither Plaintiff nor her counsel has any interests which might cause them not to vigorously pursue this action.

### F. Proceeding Via Class Action is Superior and Advisable

37.    A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of Class members in individually controlling the prosecutions of separate claims against Defendant is small because it is not economically feasible for Class members to bring individual actions

**COUNT I**
**VIOLATIONS OF THE TCPA**
**(47 U.S.C. § 227, et seq. and 47 C.F.R. § 64.1200(c)(2) & (d)(3))**

38.    The Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein.

39. Plaintiff brings this claim on behalf of herself and the Classes.

40. 47 C.F.R. § 64.1200(c)(2) provides that "No person or entity shall initiate any telephone solicitation to . . . (2) A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. Such do-not-call registrations must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator."

41. 47 C.F.R. § 64.1200(d)(3) provides that "No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards: . . . Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made."

42. The TCPA provides a private right of action to "A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations . . . ." 47 U.S.C. § 227(c)(5).

43. Defendant initiated more than one telephone solicitation to telephone numbers belonging to Plaintiff and members of the Classes within a 12-month period despite the fact that Plaintiff and other class members' telephone numbers were registered on the National Do-Not-Call Registry at all relevant times.

44. Each of the aforementioned telephone solicitations by Defendant constitutes a

11

violation of the TCPA and 47 C.F.R. § 64.1200(c)(2) by Defendant.

45. In addition, Defendant initiated more than one telephone telemarketing text message or call to telephone numbers belonging to Plaintiff and members of the Classes within a 12-month period where the telephone subscriber had previously made a do-not-call request to Defendant, and Defendant failed to honor the do-not-call request within a reasonable period of time from the date the request was made.

46. Each of the aforementioned messages and calls by Defendant constitutes a violation of the TCPA and 47 C.F.R. § 64.1200(d)(3) by Defendant.

47. Plaintiff and the Classes are entitled to an award of $500.00 in statutory damages for each text message sent in violation of the TCPA pursuant to 47 U.S.C. § 227(c)(5)(B).

48. Additionally, Plaintiff and the Classes are entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future pursuant to 47 U.S.C. § 227(c)(5)(A).

49. Further, Plaintiff and the Classes are also entitled to and do seek a declaration that:

- Defendant violated the TCPA;

- Defendant initiated more than one telephone solicitation to telephone numbers belonging to Plaintiff and members of the Classes within a 12-month period despite the fact that Plaintiff and other class members' telephone numbers were registered on the National Do-Not-Call Registry at all relevant times; and

- Defendant initiated more than one telephone telemarketing text message or call to telephone numbers belonging to Plaintiff and members of the Classes within a 12-month period where the telephone subscriber had previously made a do-not-call request to Defendant, and Defendant failed to honor the do-not-call request within

a reasonable period of time from the date the request was made.

## COUNT II
### Willful Violations of the Telephone Consumer Protection Act,
**(47 U.S.C. § 227, *et seq.* and 47 C.F.R. § 64.1200(c)(2) & (d)(3))**

50. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

51. Plaintiff brings this claim on behalf of herself and the Classes.

52. Defendant is fully aware at all relevant times that the telephone numbers it sends telephone solicitations to are registered on the National Do-Not-Call Registry. Nonetheless, Defendant knowingly and/or willfully initiated more than one telephone solicitation to telephone numbers belonging to Plaintiff and members of the Classes within a 12-month period even though Plaintiff and other class members' telephone numbers were registered on the National Do-Not-Call Registry at all relevant times.

53. In addition, Defendant deliberately programmed its telemarketing telephone systems to continue sending telemarketing messages and calls to consumers after receiving a "Stop" request. Accordingly, Defendant knowingly and/or willfully initiated more than one telephone telemarketing text message or call to telephone numbers belonging to Plaintiff and members of the Classes within a 12-month period where the telephone subscriber had previously made a do-not-call request to Defendant, and Defendant failed to honor the do-not-call request within a reasonable period of time from the date the request was made.

54. Each of the aforementioned messages and calls by Defendant constitutes a knowing and willful violation of the TCPA.

55. Plaintiff and the Classes are entitled to an award of up to $1,500.00 in statutory damages for each message sent in knowing and willful violation of the TCPA pursuant to 47 U.S.C. § 227(c)(5)(C).

56. Additionally, Plaintiff and the Classes are entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future.

57. Further, Plaintiff and the Classes are also entitled to and do seek a declaration that:

- Defendant knowingly and/or willfully violated the TCPA;

- Defendant knowingly and/or willfully initiated more than one telephone solicitation text message to telephone numbers belonging to Plaintiff and members of the Classes within a 12-month period despite the fact that Plaintiff and other class members' telephone numbers were registered on the National Do-Not-Call Registry at all relevant times;

- Defendant knowingly and/or willfully initiated more than one telephone telemarketing text message to telephone numbers belonging to Plaintiff and members of the Classes within a 12-month period where the telephone subscriber had previously made a do-not-call request to Defendant, and Defendant failed to honor the do-not-call request within a reasonable period of time from the date the request was made; and

- It is Defendant's practice and history to place telephone solicitations and telemarketing messages to persons whose telephone numbers are registered on the National Do-Not-Call Registry and to persons who had previously made a do-not-call request to Defendant.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendant as follows:

A. Injunctive relief prohibiting such violation of the TCPA by Defendant in the future;

B. Statutory damages of $500.00 for each and every text message in violation of the TCPA pursuant to 47 U.S.C. § 227(c)(5)(B);

C. Treble damages of up to $1,5000.00 for each and every text message in willful and/or knowing violation of the TCPA pursuant to 47 U.S.C. § 227(c)(5)(C)

D. An award of attorneys' fees and costs to counsel for Plaintiff and the Class; and

E. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: May 5, 2023

Respectfully submitted,

By\_\_\_\_/s/ Sergei Lemberg_____

Sergei Lemberg
LEMBERG LAW, L.L.C.
444 North Michigan Avenue, Suite 1200
Chicago, IL 60611
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
Attorney for Plaintiff